UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIDI PAULINO,<br>   Petitioner, | :<br>:<br>: |
| v. | :     Case No. 3:24-cv-1569 (VAB) |
| C. FLOWERS, WARDEN, FCI DANBURY<br>   Respondent. | :<br>:<br>: |

**MEMORANDUM OF DECISION**

Leidi Paulino ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of her time credits under the First Step Act and to seek pre-release custody under the Second Chance Act ("SCA"). Pet., ECF No. 1 at 5-7.[1]

Respondent has filed a response to the Court's order to show cause. Resp't's Response, ECF No. 9. Petitioner has not filed any further response.

For the following reasons, the petition for writ of habeas corpus is **DISMISSED** because Petitioner has failed to exhaust her BOP Administrative Remedies, and **DENIED** because she has no right to relief under SCA. Petitioner may pursue a petition under 28 U.S.C. § 2241 after she exhausts her BOP remedies for her grounds for relief under the First Step Act.

**I.    BACKGROUND**

On January 19, 2024, a court sentenced Petitioner to twenty-four months of incarceration

---

[1] On October 24, 2024, Petitioner moved to amend her habeas petition. Order, ECF No. 6. On November 14, 2024, the Court granted this motion and ordered Petitioner to file her amended petition by December 6, 2024. ECF No. 6. The Court also ordered the Respondent to file a response to the amended petition by January 10, 2024. *Id.* Because Petitioner never filed an amended petition, the Court considers whether she is entitled to the relief requested her original petition under section 2241.

with a one-year term of supervised release for Aiding or Assisting the Preparation of False or Fraudulent Tax Return in violation of 26 U.S.C. § 7206. Resp't Ex. 1, Criminal docket, ECF No. 9-1; Resp't Ex. 2, Judgment of Conviction, ECF No. 9-2.

On February 20, 2024, Petitioner surrendered to the Bureau of Prisons ("BOP") to serve her sentence at the Federal Correctional Institution in Danbury, Connecticut. *See* Resp't Ex. 3, Breece Decl. at ¶ 7, ECF No. 9-3.

## II.     STANDARD OF REVIEW

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

## III.    DISCUSSION

Respondent argues that (1) Petitioner has not exhausted her claims for relief through her BOP administrative remedies prior to filing this petition, and (2) she cannot prevail on the merits of her claims.

The Court agrees that Petitioner has failed to exhaust her BOP administrative remedies, and that the Court cannot afford her any relief under the SCA.

### A.     The Exhaustion of BOP Remedies

Before filing a section 2241 petition, inmates are required to exhaust internal grievance procedures. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *see also Thai v. Pullen*, No. 3:22-CV-605(SVN), 2022 WL 17355189, at *3 (D. Conn. Dec. 1, 2022)

(citing *Carmona*, 243 F.3d at 634). This exhaustion requirement is judicial, not statutory. *See Carmona*, 243 F.3d at 634 (explaining that the Second Circuit has held, in the context of a habeas corpus petition filed by a state inmate under 28 U.S.C. § 2254, that the statutory exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), does not apply to habeas corpus proceedings and surmising the same result should apply to section 2241 petitions). In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner. *Thai*, 2022 WL 17355189, at *3 ("The burden of demonstrating exhaustion of administrative remedies rests with the § 2241 petitioner"). The failure to exhaust administrative remedies results in procedural default which results in preclusion of review in federal court. *Id.* ("failure to exhaust administrative remedies results in a procedural default.") (citations and internal quotation omitted).

The distinction between statutory and judicial exhaustion requirements is important because statutory exhaustion requirements are mandatory while judicial exhaustion requirements are discretionary. *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) ("This Court has explained that the distinction between the two exhaustion requirements can be pivotal, because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions.") (internal citation omitted). The Second Circuit has identified four exceptions to the judicial exhaustion requirement for habeas corpus actions: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain circumstances [the petitioner] has raised a substantial constitutional question." *Id.* at 62; *see also Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020) (considering a

3

section 2241 petition and listing the exceptions to the administrative exhaustion requirement as: "futility ('exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue'); incapability ('exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief'); and undue prejudice ('an unreasonable or indefinite timeframe for administrative action may sufficiently prejudice [petitioners] to justify a federal court in taking a case prior to the complete exhaustion of administrative remedies')") (citations omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). Exhaustion of administrative remedies within the BOP, is a four-step process, (1) informal resolution with prison staff, 28 C.F.R. § 542.13(a); (2) a formal request submitted to the Warden on form BP-9, 28 C.F.R. § 542.14(a); (3) an appeal to the appropriate Regional Director on form BP-10, 28 C.F.R. § 542.15(a); and (4) a second appeal to the BOP General Counsel on form BP-11, *id*. Generally, an administrative appeal is considered finally exhausted only after it has been considered by the BOP General Counsel's Office in the BOP Central Office. *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal"). An inmate may consider the failure to receive a timely response to be a denial at that level. 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

Petitioner has not alleged that she exhausted her BOP administrative remedies for her claims before filing this habeas petition. *See* Pet., ECF No. at 2. Respondent has submitted

4

evidence to substantiate that Petitioner has not filed any BOP administrative remedies at any time during her incarceration. Resp't Ex. 3, Breece Decl. at ¶¶ 16-22.

In addition, there is no suggestion that the futility exception to exhaustion applies in this case. The futility exception must be considered in light of the purposes for the exhaustion requirement. *Beharry*, 329 F.3d at 62 ("This Court has explained that to understand the futility exception to the exhaustion requirement, the purposes behind the requirement of exhaustion should be understood.") (internal quotation omitted). The exhaustion requirement is intended to "protect[] the authority of administrative agencies, limit[] interference in agency affairs, develop[] the factual record to make judicial review more efficient, and resolv[e] issues to render judicial review unnecessary." *Id*. (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Here, Petitioner's exhaustion of her BOP administrative remedies before filing her petition would not be an exercise in futility. First, it would be contrary to the purpose of exhaustion to involve the Court in the day-to-day operations of the facility without first affording prison officials the opportunity to address her concerns. In addition, Petitioner may achieve her desired result through the exhaustion process, and the exhaustion procedure will develop a factual record to facilitate judicial review. Thus, the futility exception does not apply. *See id*. at 62 ("That Beharry's argument would likely have failed is not tantamount to stating that it would have been futile to raise it; and indeed, many of the purposes for requiring exhaustion would have been served had Beharry raised his claim below.").

Nor is there any suggestion that any other exception applies. The record provides no indication that prison officials are incapable of addressing Petitioner's concerns or that she will be subject to undue prejudice so as to justify the federal court's review prior to completion of her administrative remedies.

5

Accordingly, Petitioner's habeas petition will be dismissed as premature.

### B.    The Second Chance Act

Petitioner's request for an order to direct her prelease custody under SCA must also be denied. Pet. at ¶ 15. The SCA allows the BOP, in its discretion, to place inmates in prerelease custody in a residential reentry center or on home confinement during the final months of their term of imprisonment to adjust to and prepare for reentry into the community. *See* 18 U.S.C. §§ 3624(c)(1)–(2) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility. . . The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). Petitioner has already received a review under the SCA for discretionary prerelease placement. Resp't Ex. 3, Breece Decl. ¶ 14 ("Petitioner was recently reviewed for a discretionary prerelease placement under l8 U.S.C. § 3624(c)(1). This review properly considered the five factors set forth in l8 U.S.C. § 3621. Based on that review, Petitioner is scheduled to transfer to an RRC on March 25, 2025."). The BOP determined that Petitioner was a candidate for community placement and recommended Petitioner for SCA placement. *Id.* Petitioner is scheduled to transfer to an RRC on March 25, 2025. *Id.*

Accordingly, as pre-release custody "placement under the SCA is within the sole discretion of BOP[,]" Petitioner has no right to relief for a court order requiring her release to community placement under the SCA. *Fall v. Stover*, No. 3:24- CV-1176 (OAW), 2024 WL 4564605, at *2

(D. Conn. Oct. 24, 2024); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in an RRC." (internal quotation marks omitted)).

### IV.     CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus [ECF No. 1] is **DISMISSED** because (1) Petitioner has failed to exhaust her BOP Administrative Remedies and **DENIED** because she has no right to relief under SCA. Petitioner may pursue a petition under 28 U.S.C. § 2241 after she exhausts her BOP remedies for her grounds for relief under the First Step Act.

The Clerk of Court is respectfully directed to close this case. Any appeal of this order would not be taken in good faith. As a result, a certificate of appealability will not issue.

**SO ORDERED** at New Haven, Connecticut, this 24th day of January, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE